UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURGESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-1134-JAR |
| | ) |
| ABBY UNKNOWN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff William Burgess, an incarcerated person at the Jefferson County Jail, to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss without prejudice plaintiff's complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Rather, in support of his application, plaintiff submits a two-month ledger of his income and expenses at the Jefferson County Jail. He also submits a letter stating that in the past fourteen months he has received a total of $70 of which Jefferson County took $35 for booking fees and deductions for medical. He states, "I am poor with no outside contact. Please help." Having reviewed the information contained in the file, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 arising out of the conditions of his confinement as a pretrial detainee at the Washington County Jail. Plaintiff names as defendants (1) Abby Unknown, the acting Jail Administrator at the Washington County Jail, and (2) the Washington County Sheriff. He sues both individuals in their official and individual capacities.

Plaintiff arrived at the Washington County Jail on approximately September 3, 2020. Plaintiff states that the Washington County Sheriff "did not allow fresh air or exercise" and that

there were sixteen inmates in a room designed for eight. Plaintiff states that "after being there in such a cramped space, I assumed that the effects on my body were contracted ligaments."

Plaintiff states that when an upper bunk became available in a two-man room, he took it. The top bunk was approximately six feet off the ground and there were no ladders. Plaintiff states that he is 5 feet, 9 inches tall. Plaintiff used the electronic kiosk at the jail to ask the jail administrator why there were no ladders, and she replied that "they had been petitioning the county commission for over three years to install them because of known hazards."

On or about October 1, 2020, plaintiff attempted to jump onto his bunk. He and his three cellmates heard a loud snapping sound, and he was immediately in extreme pain. He was taken to the emergency room, where he was given an immobilizer. Two days later, back at the Washington County Jail, plaintiff attempted to take a shower. Because there were no safety rails in the showering area, he fell. He was again taken to the emergency room.

Although it is not clear whether plaintiff's injuries arise out of his initial fall from the bunk bed or the subsequent fall in the showering area, he states he tore in half his ACL, or anterior cruciate ligament; tore his meniscus; and suffered bleeding in his femoral canal. "I had to have an ACL repair and one inch section of my meniscus was removed because it was beyond repair." He states he has permanent damage causing a severe limp and consistent pain.

For relief, plaintiff seeks full payment of all his medical bills arising out of his injury, which he estimates at $60,000. He also seeks $300,000 for future lost wages and $100,000 for pain and suffering.

## Discussion

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). There are two ways to determine whether conditions rise to the level of punishment. First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon pretrial detainees. *Id.* "However, not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee . . . must show the defendant official was deliberately indifferent to his rights"). In particular, the Eighth Circuit has explained that this standard is applicable when "the governmental duty to protect at issue…is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials

failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id.* at 345.

As the Supreme Court has "emphatically (and repeatedly) declared," "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Butler*, 465 F.3d at 345 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). For plaintiff to state a claim of deliberate indifference, he has to show more than just negligence. He has to show that (1) objectively, he was exposed to a safety risk that created an unreasonable risk of serious harm to his health; and (2) subjectively, that defendants actually knew of and recklessly disregarded this substantial risk of serious harm. *Id.* Plaintiff's allegations do not meet this constitutional threshold. His allegations fail to meet the objective prong of showing that he was exposed to a safety risk that created an unreasonable risk of serious harm to his health.

First, plaintiff alleges he was exposed to a top bunk approximately six feet off the ground that did not have a ladder. District courts routinely dismiss such "ladderless bunk bed" claims finding that this condition does not pose a serious risk of harm sufficient to state a § 1983 claim. *See Webb v. Brown*, 2019 WL 6338095, *2 (S.D. Ind. Nov. 27, 2019) ("The absence of a ladder or steps on a bunk bed is simply not a sufficiently serious condition to support a § 1983 claim. . . . A ladder to access an upper bunk of a bunk is not a basic human need.") (citing cases); *Robinett v. Corr. Training Facility*, 2010 WL 2867696, *2-3 (N.D. Cal. Jul. 20, 2010) ("The ladderless bunk beds do not satisfy the objective prong for an Eighth Amendment violation.") *Jones v. Louisiana Dep't of Pub. Safety and Corr.*, 2009 WL 1310940 (W.D. La. May 11, 2009) (plaintiff's allegations that prison officials were responsible for his fall because the top bunks were not equipped with ladders was an allegation of tortious conduct, which cannot be the basis of a § 1983 claim); *Connolly v. County of Suffolk*, 533 F. Supp. 2d 236 (D. Mass. 2008) (failure of prison to

provide ladders for prison bunk beds did not constitute deliberate indifference to inmate's rights); *see also Preston v. United States*, 2010 WL 2975631, *3 (N.D. Ga. July 27, 2010) (noting that there is no statute, regulation, or policy to specifically govern the use of ladders on bunk beds in federal prisons). Plaintiff cannot show that he was exposed to a safety condition that created an unreasonable risk of serious harm to his health arising out of the ladderless bunk beds at the Washington County Jail. For this reason, the Court will dismiss his § 1983 claims on initial review.

Although it is not clear from the complaint, plaintiff might also be alleging that defendants exposed him to an unconstitutional risk to his safety by not having a safety rail in the showering area. Again, this condition of confinement does not meet the constitutional threshold of alleging a safety risk that created an unreasonable risk of serious harm to plaintiff's health. Courts have consistently held that allegations of a prison's failure to install a grab rail or shower mats in the shower area does not rise to the level of a constitutional violation. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate's allegation that his use of the toilets and showers was made more difficult by the absence of grab bars does not state an Eighth Amendment violation); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (inmate's allegation that he slipped and fell because of water on the floor of his bathroom, injuring his arm and shoulder alleges only a claim for negligence and did not state a constitutional claim); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) (prisoner's allegation that he slipped and fell outside shower due to defendants' failure to provide non-slip mats insufficient to state an Eighth Amendment claim). Because plaintiff cannot show that defendants' failure to install grab bars in the shower area of the Washington County Jail exposed him to a safety condition that created an unreasonable risk of serious harm to his health, the Court will dismiss his § 1983 claims on initial review.

Finally, with respect to plaintiff's allegations of overcrowding, plaintiff states that at times during his incarceration in the Washington County Jail, he was in a room designed for eight inmates and there were sixteen inmates present. He does not state for how long he was exposed to these conditions, and the Court is not required to assume facts that are not alleged. Additionally, as to the effect of this overcrowding, plaintiff states only that "after being there in such a cramped space I assume that the effects on my body were contracted ligaments." Plaintiff's conclusory allegation is insufficient to raise his right to relief above the speculative level. *Twombly,* 550 U.S. at 555. The Court finds plaintiff's allegations regarding overcrowding in the Washington County Jail insufficient to state a claim for a constitutional violation.

For the foregoing reasons, on initial review under 28 U.S.C. § 1915(e), the Court will dismiss plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

-9-

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. An order of dismissal will accompany this memorandum.

Dated this 29th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE